114

5-1555                                  313 S. W. 2d 369

Opinion delivered May 26, 1958.

*James M. Gardner, Rhine & Rhine* and *John C. Watkins,* for appellant.

*Kirsch, Cathey & Brown* and *Robert Branch,* for appellee.

SAM ROBINSON, Associate Justice. Appellants, Olga Hooper and L. V. Rhine, are in the abstract business at Paragould. One of their competitors is appellee Frances Walls. This action was filed by appellants to enjoin appellee J. Ed Thompson, County Judge of Greene County, from allowing Mrs. Walls to use space in the County Judge's office in the courthouse to do her abstract work. Mr. Rhine and Miss Hooper have appealed from an order denying the injunction.

Mrs. Walls has been in the abstract business since 1932 and she has owned the business since 1941. During all of this time she has done her abstract work in the courthouse in the same manner in which she is now conducting it. Prior to the election of appellee, J. Ed Thompson as County Judge of Greene County, in 1952, Mrs. Walls did her work in the county clerk's office. The circuit clerk's office would have been more convenient for her, but since appellants and one other abstract concern had space in the circuit clerk's office in which to do their abstract work, there was no room for Mrs. Walls, and she therefore did her work in the coun-

ty clerk's office. After Judge Thompson was elected, he reached the conclusion that due to the crowded condition in the county clerk's office it would be better for Mrs. Walls to do her work in the judge's private office. He suggested to Mrs. Walls that she move her facilities into his office, and she agreed to this arrangement. It appears that this is a very good arrangement for the county. Mrs. Walls had her own private telephone, and the county judge did not have one. Therefore, an extension was installed under an arrangement whereby the county pays one-half of the regular telephone bill and Mrs. Walls pays one-half. She also pays for her listing and for her long distance calls. It is necessary that the county judge be out over the county a considerable portion of the time, and Mrs. Walls takes messages for him and telephone calls; she also does stenographic work for the county judge—all of this at no cost whatever to the county. She is merely allowed to use small space in the county judge's office in connection with her abstract work.

Appellants are given space in the circuit clerk's office to do their abstract work, as required by statute. In fact, appellants sued the county judge in 1951 to compel the county to furnish them space to do their abstract work. As a result of that suit appellants were furnished space in the circuit clerk's office. Ark. Stat. § 71-108 provides:

"Space for work designated in office of clerk or elsewhere in courthouse.—Upon full compliance with all the provisions of this act (§§ 71-101—71-109) by any person, firm or corporation, it shall be the duty of the clerk to designate a reasonable space in his office for such person, firm or corporation to work. Provided, that in any case where space in the circuit clerk's office shall be insufficient to permit the circuit clerk to assign work space to all abstracters entitled thereto, the County Court or County Judge may assign other space in the Courthouse for such purposes, provided such space so assigned does not interfere with the duties of any public official. Nothing herein contained shall be construed to permit

any public records to be taken from the clerk's office when same shall be in use by the clerk, but when not so required, the public records may be used by the abstracter in the area assigned by the County Court or the County Judge."

Here the statute was followed to the letter. Since there is not room in the circuit clerk's office for Mrs. Walls, the county judge assigned her other space in the courthouse in which to work. The fact that Mrs. Walls was permitted to have a telephone in the courthouse in connection with her work as an abstracter was a matter within the discretion of the county judge. According to the undisputed evidence, the other abstracters may also install telephones if they so desire.

Affirmed.